

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

Nemours Building  (302) 573-6277
1007 Orange Street, Suite 7100  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

August 9, 2005

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

　　Re: **United States v. Michael Anderson**
　　　　**Criminal Action No. 05-51-GMS**

Dear Judge Sleet:

　　The defendant is prepared to enter a guilty plea pursuant to the terms of the enclosed Memorandum of Plea Agreement, Information, and Waiver of Indictment.

　　The parties respectfully request that the matter be scheduled for a change of plea hearing.

　　　　　　　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　　　　COLM F. CONNOLLY
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Edmond Falgowski
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

pc:　Christopher Koyste, Esquire (w/ Encs.)
　　　Clerk, U.S. District Court (w/ Encs.)

EF:slb
Enclosures

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 05-51-GMS |
| ) | Criminal Action No. 05- |
| MICHAEL J. ANDERSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Michael J. Anderson, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to all eight counts of the Indictment in Criminal Action No. 05-51-GMS. Counts One through Four of the Indictment charge the defendant with Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951. Each count of Hobbs Act Robbery carries a maximum sentence of 20 years incarceration, a fine of $250,000, 3 years supervised release, and a mandatory special assessment of $100. Counts Five through Eight of the Indictment charge the defendant with Bank Robbery in violation of Title 18, United States Code, Section 2113(a). Each count of Bank Robbery carries a maximum sentence of 20 years incarceration, a fine of $250,000, 3 years supervised release, and a mandatory special assessment of $100.

2.  The defendant shall waive indictment, waive venue and plead guilty in the United States District Court for the District of Delaware to Count One of the Information in Criminal Action No. 05-_____. Count One charges the defendant with Bank Robbery in violation of Title 18, United States Code, Section 2113(a), which carries a maximum sentence of 20 years incarceration, a fine of $250,000, 3 years supervised release, and a mandatory special assessment of $100.

3.  The defendant understands that the sentences on the nine counts to which he is pleading guilty could be imposed consecutively to one another. The defendant further understands that he may be ordered to pay restitution to the victims of these offenses as part of his sentence.

4.  The defendant understands that the elements of the offenses for the charges to which he is pleading guilty are:

Counts One through Three of Criminal Action No. 05-51-GMS – that on or about each of the dates specified in Counts One through Three of the Indictment, (1) the defendant knowingly obtained or took the personal property of another, or from the presence of another; (2) the defendant took this property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future; and (3) as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

Counts Four of Criminal Action No. 05-51-GMS – that (1) on or about January 24, 2005, the defendant knowingly attempted to obtain or take the personal property or another, or from the presence of another; (2) the defendant attempted to take this property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future; and (3) interstate commerce, or an item moving in interstate commerce, would

potentially or probably have been delayed, obstructed, or affected in any way or degree had the defendant successfully and fully completed his actions.

Counts Five through Eight of Criminal Action No. 05-51-GMS and Count One of Criminal Action No. 05-_____ -- that on or about each of the dates specified in Counts Five through Eight of the Indictment and Count One of the Information, (1) the defendant took money from the person or presence of a bank employee while that money was in the care, custody, or possession of each of the banks named in the relevant counts of the Indictment and Information; (2) the taking was by intimidation; and (3) the deposits of each of the banks named in the relevant counts of the Indictment and Information were then insured by the Federal Deposit Insurance Corporation.

5.      Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional 1 level reduction under USSG § 3E1.1(b) based on the defendant's conduct to date.

6.      The defendant understands that a sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than ex expects, or contrary to any stipulation of the parties or recommendation of his attorney.

3

7. The Defendant agrees to pay the $900 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt.

8. The United States Attorney reserved the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____  BY:_____
Christopher Koyste, Esquire                Edmond Falgowski
Attorney for Defendant                     Assistant United States Attorney


_____
Michael J. Anderson
Defendant

Dated:

**AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
United States District Court Judge

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 05-51-GMS |
| ) | Criminal Action No. 05- |
| MICHAEL J. ANDERSON, ) | |
| ) | |
| Defendant. ) | |

## **INFORMATION**

The United States Attorney for the District of Delaware charges that:

### **Count One**

On or about January 31, 2005, in or near Mount Holly, in the State and District of New Jersey, Michael J. Anderson, defendant herein, by intimidation, did take from the person and presence of a bank employee a sum of money belonging to and in the care, custody, control, management, and possession of Citizens Bank, 531 High Street, Mount Holly, New Jerse6, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

COLM F. CONNOLLY
United States Attorney

By:_____
Edmond Falgowski
Assistant United States Attorney

Dated:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|    Plaintiff, | : |
|    v. | :    Crim. Action No. 05- |
| MICHAEL J. ANDERSON, | : |
|    Defendant. | : |

**WAIVER OF INDICTMENT**

1. Michael J. Anderson, the above-named defendant, who is accused of violating Title 18, United States Code, Section 2113(a), Bank Robbery, being advised of the nature of the charge and of his rights, hereby knowingly, voluntarily and intelligently waives prosecution by indictment and consents that the proceeding may be by information instead of by indictment.

2. The defendant understands that (a) unless he waives indictment, he could not be charged with this offense unless the Grand Jury found probable cause to believe he committed the offense and returned an indictment; (b) the Grand Jury is composed of at least sixteen, but not more than twenty-three lay persons, and at least twelve of those grand jurors must find probable cause to believe that the defendant committed this offense before an indictment could be returned; and (c) by waiving indictment, the government will be proceeding by a document written by the United States Attorney and called an information and the defendant will be prosecuted on that information, rather than on an indictment.

3. The defendant has read and reviewed with his counsel the charge in the information, and is satisfied that his counsel has properly explained the charge and this waiver to him.

4. No one has made the defendant any promises or threatened or forced the defendant to waive indictment.

_____  
Defendant  
Michael J. Anderson

Date:_____

_____  
Counsel for Defendant  
Christopher Koyste